NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1101
_____

CHARLES BRACKEN; WILLIAM DEFORTE;
WILLIAM JACKSON; PATRICK JENNINGS,
Appellants

v.

COUNTY OF ALLEGHENY; WILLIAM P. MULLEN,
as Sheriff of Allegheny County;
ALLEGHENY COUNTY SHERIFFS OFFICE;
CHELSA WAGNER, as Allegheny County Controller;
ALLEGHENY COUNTY CONTROLLERS OFFICE;
JOHN FITZGERALD, Allegheny County Assistant District Attorney
(In his official capacity and as an individual);
DARREL PARKER, Allegheny County District Attorney Inspector
(In his official capacity and as an individual) Jointly and Severally
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 2-16-cv-00171
Trial Judge: The Honorable Cynthia Reed Eddy
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 14, 2018

Before: SMITH, *Chief Judge*, McKEE and FISHER, *Circuit Judges*

(Filed: January 11, 2019)

_____

OPINION*
_____

SMITH, *Chief Judge*.

Four current and former Pennsylvania constables—William DeForte,

Charles Bracken, William Jackson, and Patrick Jennings—brought suit against

Allegheny County Assistant District Attorney John Fitzgerald, Allegheny County

District Attorney Inspector Darrel Parker, and others, for infringing upon their

constitutional rights and committing state law violations.  After advising the

constables of serious pleading deficiencies and twice allowing them to amend their

complaint, the District Court concluded that further amendment would be futile,

dismissed the constables' federal claims with prejudice, and declined to exercise

supplemental jurisdiction over their state law claims.  For the reasons that follow,

we will affirm the District Court's judgment.

I.[1]

We conduct a plenary review of the District Court's dismissal pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Encompass Ins. Co. v.*

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.  We have jurisdiction to review the District Court's final decision pursuant to 28 U.S.C. § 1291.

*Stone Mansion Rest. Inc.*, 902 F.3d 147, 151 (3d Cir. 2018). Accepting all factual allegations as true and construing the third amended complaint in a light most favorable to DeForte,[2] we must determine whether, under any reasonable reading, he may be entitled to relief. *See id.*

Because we write solely for the parties, we need not delve deeply into the factual or procedural background of this appeal. It is sufficient to observe that, among other things, the third amended complaint alleges that Fitzgerald and Parker had DeForte criminally charged and arrested for submitting certain constable fee vouchers.[3] The charges were later dismissed.

While DeForte's brief is not a model of clarity, we understand him to be raising three arguments on appeal. DeForte argues: (1) he stated a claim under the Fourth Amendment because Fitzgerald and Parker subjected him to a seizure; (2) he stated a malicious prosecution claim because the criminal proceeding ended in

---

[2] Although all four constables filed the appeal, the arguments in the appeal brief are presented by DeForte alone. Any claims by Bracken, Jackson, and Jennings that were presented to the District Court are therefore deemed abandoned. In addition, because the claims DeForte raises on appeal concern only defendants Fitzgerald and Parker, we conclude that DeForte has abandoned his claims against all other defendants. We decline to consider the abandoned claims on appeal. *See Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993).

[3] Although the third amended complaint alleges that DeForte was arrested, the public docket from the criminal proceeding indicates that DeForte was summoned, not arrested.

his favor; and (3) he stated procedural and substantive due process claims because he was deprived of a property interest in his job without notice and an opportunity for a hearing, and because he was prevented from working based on fabricated evidence. We address each argument in turn.

## II.

In the third amended complaint, DeForte alleges that his "MPOETC certification"[4] was seized as a result of his arrest, which meant that he could no longer work as a policeman. Supp. App. 201. In his brief, DeForte argues that this constitutes an unreasonable seizure in violation of the Fourth Amendment.

For Fourth Amendment purposes, a "seizure" may occur when there is interference with an individual's possessory interest in personal property. *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 209 (3d Cir. 2001). Here, even if we are to accept that the MPOETC certification is a form of personal property, the third amended complaint does not allege that Parker and Fitzgerald interfered with DeForte's possessory interest in the certification. Rather, reading the complaint in a light most favorable to DeForte, it alleges that, pursuant to statute, DeForte's employer suspended him from duty as a consequence of the arrest. *See* Supp. App.

---

[4] Although not explained within the third amended complaint, DeForte attached as Exhibit B to the complaint a copy of a card issued by the Municipal Police Officers' Education & Training Commission (MPOETC), which appears to certify that DeForte was employed by the North Buffalo Township Police Department from May 23, 2013 through June 30, 2015.

4

201 (explaining that, pursuant to the Confidence in Law Enforcement Act, an officer charged with a crime must be immediately suspended from duty). Because DeForte has not stated a claim that Fitzgerald and Parker effected any "seizure" of his personal property under the Fourth Amendment, this claim was properly dismissed.

### III.

Next, DeForte contends that he stated a claim for malicious prosecution under the Fourth Amendment. To proceed, DeForte must plead, *inter alia*, that the criminal proceeding ended in his favor and that he was deprived of his liberty. *Johnson v. Knorr*, 477 F.3d 75, 81–82 (3d Cir. 2007). DeForte failed to meet these requirements.

Favorable termination means that the criminal proceeding must end in a manner that indicates the defendant's innocence. *Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009). In the third amended complaint, DeForte presents the conclusory allegation that "[t]he proceedings were terminated in favor of DeForte." Supp. App. 213. Because this self-serving allegation does not provide any meaningful information about the circumstances of the termination, the District Court looked to public records, which indicate that the charges were withdrawn and that the reason for the withdrawal was "restitution paid." Supp. App. 143; *see Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1197 (3d Cir.

5

1993) (criminal case dispositions are a matter of public record and may be considered on a motion to dismiss).

Payment of restitution is not indicative of DeForte's innocence. It therefore is not a favorable termination for malicious prosecution purposes. *See Gilles v. Davis*, 427 F.3d 197, 211 (3d Cir. 2005) (observing that burdens such as restitution and imposition of costs are "not consistent with innocence"); *Hilfirty v. Shipman*, 91 F.3d 573, 580 (3d Cir. 1996) ("[A] prosecutor's decision to withdraw criminal charges pursuant to a compromise with the accused is not considered to be a termination sufficiently favorable to support a malicious prosecution claim.").

Moreover, the District Court concluded that DeForte did not allege that he suffered any deprivation of liberty. *See DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir. 2005). DeForte does not dispute this conclusion on appeal, and, upon careful review of the third amended complaint, we agree. Accordingly, even if the termination of the charges had been favorable to him, DeForte nonetheless failed to state a malicious prosecution claim.

IV.

Finally, DeForte argues that Parker and Fitzgerald violated his procedural and substantive due process rights. Regarding procedural due process, DeForte argues that he "would have been entitled to a *Loudermill* hearing if his employment at North Buffalo Twp would be [sic] terminated. Therefore, DeForte

6

was deprived of his property interest in that job."[5] Appellant Br. 10. Yet Parker and Fitzgerald did not employ DeForte and therefore cannot logically be held accountable for any failure to hold a pre-termination hearing. Moreover, DeForte was not terminated and he does not claim he was constitutionally entitled to any process that he did not receive in advance of his suspension. DeForte therefore failed to state a procedural due process claim.

DeForte also argues that he pleaded a "stand-alone" due process claim under *Black v. Montgomery County*, 835 F.3d 358, 371 (3d Cir. 2016), based upon his allegations that the "charges and evidence against him were fabricated, and that he was prevented from working." Appellant Br. 10–11. In *Black*, we held that an acquitted criminal defendant may have a stand-alone fabricated evidence claim against state actors "if there is a reasonable likelihood that, absent that fabricated evidence, the defendant would not have been criminally charged." *Id.* As previously discussed, however, DeForte was not acquitted of the criminal charges. Rather, the undisputed public record reveals that he paid restitution and the charges were withdrawn as a result. *See* Supp. App. 143. *Black* is therefore inapposite.

In addition, to the extent DeForte has attempted to state a due process claim premised upon a protected property interest in his employment, the District Court

---

[5] Where an employee has a property right in continued employment, due process requires that the employee is entitled to a hearing prior to termination. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985).

correctly determined that DeForte's interest in continued public employment is not a "fundamental" property interest entitled to substantive due process protection. *See Nicholas v. Pa. State Univ.*, 227 F.3d 133, 142 (3d Cir. 2000). Thus, DeForte failed to plead a substantive due process claim.

V.

For the foregoing reasons, DeForte failed to state a constitutional claim against Parker and Fitzgerald, and the District Court therefore properly dismissed with prejudice the federal claims in the third amended complaint. In addition, the District Court permissibly exercised its discretion to decline to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3). We therefore will affirm the judgment of the District Court.